COKE v. BRUNSWICK-BALKE-COLLENDER CO.

1. PARTIES—CAUSES OF ACTION—JOINDER.

The judicature act does not permit a joinder of parties severally liable and a joinder of different causes of action, each against a different defendant (3 Comp. Laws 1929, §§ 13962, 14023).

2. ACTION—JOINDER—PARTIES—BOWLING ALLEYS—INSTALLATION.

In action by lessee for cost of repair, reinstallation and loss of business, due to failure of defendant lessor to build beds for bowling alleys in workmanlike manner and installation of alleys by other defendant, pursuant to oral contract, who knew beds had not been properly built, joinder of defendants in same action *held*, not warranted as "convenient administration of justice" since neither is severally, or jointly and severally, liable for breach of other's contract nor subject to the same liability (3 Comp. Laws 1929, §§ 13962, 14023).

Appeal from Wayne; Ferguson (Homer), J. Submitted October 5, 1934. (Docket No. 116, Calendar No. 37,732.) Decided January 7, 1935. Rehearing denied March 5, 1935.

Action by Frederick Coke against Brunswick-Balke-Collender Company and Emmet P. Gray Company, corporations, for damages resulting from alleged breach of construction contracts. From order dismissing action as to defendant Brunswick-Balke-Collender Company, plaintiff appeals. Affirmed.

*George E. Day* (*Peter P. Boyle,* of counsel), for plaintiff.

*Jay F. McMullen* (*Nelson S. Shapero,* of counsel), for defendant Brunswick-Balke-Collender Company.

FEAD, J. Plaintiff reviews judgment dismissing the cause of action as to defendant Brunswick-Balke-Collender Company for misjoinder of parties and causes of action.

234 MICHIGAN REPORTS. [Jan.
The declaration is in one count. It alleges that

234 Michigan Reports. [Jan.
The declaration is in one count. It alleges that

The declaration is in one count. It alleges that plaintiff had lease of premises from defendant Emmet P. Gray Company; the premises were let for general recreational purposes, including operation of bowling alleys; defendant agreed to install 2 x 4's, with cinders between them, on the cement floor, suitable for installation of bowling alleys by the other defendant; defendant Brunswick-Balke-Collender Company made an oral contract with plaintiff to install the bowling alleys; installation by defendants, and each of them, was to be done in a good and workmanlike manner; defendants installed the alleys; they did not do so in a good and workmanlike manner but failed to leave sufficient air space between the cinders and the floors, which rested on the 2 x 4's; the result was the cinders came in contact with the floors and caused the latter to decay, fall away and the alleys to warp and rot; defendant Brunswick-Balke-Collender Company was present at the installation by the other defendant and saw it was not being performed in a workmanlike manner; the installation thereafter by the Brunswick-Balke-Collender Company was unworkmanlike, due to the prior unworkmanlike installation on the part of the other defendant; as a result of the unworkmanlike installation by both defendants, and each of them, the alleys began to warp, defendants were notified, refused to do anything and, as a result, plaintiff was damaged in the cost of repairing and reinstalling the alleys and from loss of business.

On motion to dismiss for misjoinder, the court gave plaintiff the option of proceeding against either defendant. Plaintiff declining to make choice, the order was entered.

Plaintiff relies on 3 Comp. Laws 1929, § 14023:

"It shall be lawful for any plaintiff to include in one action as defendants, all or any of the parties

who may be severally, or jointly and severally liable, and to proceed to judgment and execution according to the liability of the parties."

The provision must be read in connection with section 13962:

"The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant, but legal and equitable causes of action shall not be joined; but when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice."

Relative to the latter section the court said in *Otto* v. *Village of Highland Park*, 204 Mich. 74, 81:

"While its provisions as to joinder of actions and parties are broad in terms and go far beyond the former settled practice, it is inferable from the general tenor of the judicature act considered in its entirety and, we think, from the very language under consideration relative to parties defendant, that it was not the legislative intent to ignore the fundamental principles of procedure to the extent proposed in this declaration where, as plaintiffs sound their counts, it is sought to join in a single action and have determined the liability of alleged independent tortfeasors for different and distinct torts charged to each, without concert of action or community of responsibility, inevitably amounting to both a joinder of parties severally liable and a joinder of different causes of action, each against a different defendant."

The declaration sets up and counts on breaches of two separate contracts. Neither defendant had any part in the contract of or breach by the other. If both contracts and alleged breaches were estab-

lished, the damages would need to be separately admeasured. While the condition caused by each defendant would enter into the total loss of plaintiff, the liability of each therefor would have to be traced back to its independent breach of contract and be found as a consequence thereof.

Action against either could be maintained separately. Proof of contract and its breach by one is not necessary to liability of the other. The Gray Company would be liable for damages resulting from its own breach although the other defendant innocently constructed the alleys without knowledge of defects. If the Brunswick-Balke-Collender Company is liable, it is because it knowingly constructed alleys on improper beds and it is of no consequence how or by whom the beds were built.

In no sense can it be said that defendants are severally or jointly and severally liable for the breach of either contract nor that the same liability is asserted against both.

Plaintiff's contention, that the joinder is warranted for "the convenient administration of justice," under section 13962, was pertinently answered by the court in the words, "It may be strategy to join them, but not legal." The danger that plaintiff may not recover in separate actions because the defendant in each suit successfully may cast the blame on the other does not outweigh the difficulty, in a single joint action, of attaining justice by separating liability and damages in a manner readily understandable by a jury.

Judgment affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.