CUSACK ET AL., APPELLEES, *v.* THE DEWITT-JENKINS REALTY CO., APPELLANT.

(No. 4707—Decided October 23, 1957.)

*Mr. Meade Chamberlin,* for appellees.
*Mr. Scott A. Belden,* for appellant.

DOYLE, J. This is an appeal on questions of law from a money judgment awarded plaintiffs, Joe and Georgia Cusack, against the DeWitt-Jenkins Realty Company, in the Court of Common Pleas of Summit County.

In the petition it was claimed that the defendant real estate broker, through its agents, solicited the plaintiffs to purchase property of its client [Mrs. Elsie Tironi] for $15,000, and represented to them that, if $500 be then paid to defendant, a loan secured by a mortgage was available to satisfy the balance of said purchase price within time for final payment; and that, if the loan should perchance not be available, the realty company would return to the plaintiffs the $500 deposit.

The pleading further alleged that, in reliance upon the representations of the defendant broker, through its agents, the plaintiffs agreed in writing to purchase the property of the defendant's client upon the terms stipulated, and "deposited with the defendant the sum of $500."

Continuing, plaintiffs alleged that neither they for them-

selves, nor the defendant for them, were able to secure financing; "that mortgage funds were not available upon the security of property of that nature, and in the amount required * * *"; that "after such discovery plaintiffs demanded of defendant the return of the deposit, * * * and * * * defendant informed them that it would return such deposit if plaintiffs would procure from * * * [the owner of the property, the client of the defendant] a written release from their obligations and liability to her under said written contract of purchase"; that plaintiffs did secure from the owner a written release, exhibited it to the defendant, and again demanded the return of the deposit money; and that the defendant refused to return the money.

The defendant broker, by way of answer, admitted that it negotiated a sales agreement between its client and the plaintiffs, but denied other pertinent allegations in the petition. The answer then specifically pleaded the following provision in the sales agreement between the client and the plaintiffs:

"It is further agreed by all parties hereto [the vendor and purchasers—not the broker] that there are no agreements, either oral or written, binding on any of the contracting parties hereto, or their brokers, except as herein contained. Specific reference is made to the fact that neither the seller, the broker, nor the salesman associated with the broker, has agreed to finance or procure the financing of any part of the purchase price except as written herein, nor shall any effort on the part of the seller, the broker, or the salesman, to procure for the purchaser the financing of any part of the purchase price be construed as a waiver herein."

1. It is argued by the appellant that the court erred in not recognizing the above assertion in the sales agreement as a contract between the plaintiffs and the seller for the benefit of a third party, the broker; and that, as such, it precluded a judgment against the said third party beneficiary.

This question may be answered with a categorical pronouncement that the quoted language falls far short of creating a contract for the benefit of a third party. It is but a declaration of fact in a contract on a different subject matter which does not imply a promise to do anything for a third party—a

necessary basis for any contract of this kind. Whatever its effect as an admission of fact may be, it is not a contract; and, not being a contract, we think it unnecessary to state the effect of a valid contract made for the benefit of a third person under similar circumstances.

2. The appellant claims that the court erred in not requiring the plaintiffs below "to elect upon which of the two causes of action" they intended to prove; "either on the proposal, the inducement to sign the contract, or whether the plaintiffs were relying upon the statements they claimed that Mr. DeWitt promised to return the earnest money deposit in consideration that the plaintiffs would secure from Elsie Tironi a cancellation of the contract."

In respect to the above claim, the general, and we think the better, rule, under Code pleading extant in this state, is that, where a plaintiff has several distinct and separate grounds for the obtainment of a single relief demanded in the petition, and states each one therein separately and plainly, or when the plaintiff is uncertain as to the exact ground of recovery the proof may afford, and therefore frames a petition for the recovery of a single claim with several distinct grounds, so as to meet the proof, an election will not be compelled.

In *Globe Indemnity Co.* v. *Wassman,* 120 Ohio St., 72, 165 N. E., 579, may be found the following paragraph of syllabus apropos the question:

"3. Where a plaintiff is uncertain as to which of the two grounds stated in his petition he may be able to prove in order to recover against a defendant and it is uncertain as to which of the two he can safely plead, he cannot be required to elect upon which of the two grounds he will stand."

Further law pertinent to our inquiry may be found in *Gartner* v. *Corwine,* 57 Ohio St., 246, at p. 254, 48 N. E., 945:

"The code permits a plaintiff to state the facts which constitute his cause of action; and when, upon any of the facts so stated, he is entitled to recover, he cannot be denied that right because he has alleged other facts that he is unable to prove."

Judge Hunsicker, in writing the *per curiam* opinion of this court in *Nussbaum* v. *Wooster Baptist Temple,* 95 Ohio App., 421, at p. 423, 120 N. E. (2d), 467, declared:

"* * * The general rule is declared in 41 American Jurisprudence, Pleading, Section 106, as follows:

" '* * * when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed.' "

In 71 Corpus Juris Secundum, Pleading, Section 88 c, may be found cases supporting the general principle that a single cause of action may be pleaded and proved with two or more grounds of liability.

Under the authorities cited above, and the circumstances of this case, it is the opinion of the members of this court that the trial court did not err in overruling the defendant's motion as to election; nor was the jury misled in being informed that it could find for the plaintiffs if the proof adduced proved either one or both of the oral contracts upon which recovery was sought.

The appellant further claims error in respect to the jury's answers to certain interrogatories submitted by the appellant. These interrogatories related only to the pleaded oral contract to refund the earnest money in the event of a failure to finance the property. No interrogatories were submitted on the question of the alleged promise of the defendant company to return the money upon the securing of a release from the seller.

Under these circumstances, when the record discloses that reasonable minds could properly find that there was a contract to return the money upon the securing of a release, and the jury was properly charged thereon, any error relating to interrogatories restricted solely to another separate and distinct agreement to return the money, is of no consequence when a general verdict is returned. We find the jury was justified in finding for the plaintiffs on the evidence adduced in proof of the contract first referred to in this paragraph.

From what has been said in the preceding paragraph, it

must not be inferred that we find that the answers to the interrogatorics, and the manner of their submission, would invalidate the verdict and judgment if no other ground for recovery had been pleaded and shown. In fact, we find no error, and are of the opinion that the answers to the interrogatories would justify a verdict and judgment for the plaintiffs on the contract to which the interrogatories were directed.

In conclusion, we find no error of a prejudicial character in the case under review; and, as a consequence, we direct an entry to affirm the judgment.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.