PULLUM WINDOW CORPORATION *v.* FELDSTEIN.

1. Courts—Penal Laws of Other States.

Generally, courts of one State will not enforce the penal laws of another State or jurisdiction.

2. Corporations — Officers — Directors — Noncompliance with Statutes — Remedy.

Provisions of Indiana statute imposing liability upon officers and directors of a corporation in the carrying on of the business in which the indebtedness is incurred in violation of the statutes relative to conditions that must be complied with before a newly-formed corporation begins business and for improper withdrawal of assets, without therein imposing a penalty ·as for a criminal offense, are construed as remedial, not penal, statutes, since they give to creditors for their added protection, a right of action against officers and directors for noncompliance with the statute (Indiana Acts 1929, ch 215, §§ 20, 52).

3. Same — Officers — Directors — Personal Liability — Statutes — Evidence.

Proofs fully supported finding of jury that defendants, officers and directors of a newly-formed Indiana corporation, were individually liable for indebtedness to plaintiff incurred by them on behalf of corporation, where they had failed to comply with Indiana statutes relative to acts which must be done before a corporation could commence to do business (Indiana Acts 1929, ch 215, § 20).

4. Action—Remedy—Statute.

A State statute which gives a civil remedy at the private suit of the creditor only, that is measured by the amount of his debt is, as to him, clearly remedial, since it is simply to enforce a private right, hence, it is enforceable in a sister State.

5. Corporations—Officers—Directors—Evidence.

Finding of jury that appellants were officers and directors of newly-formed Indiana corporation at time indebtedness to plaintiff creditor of the corporation was incurred and that they had not complied with conditions imposed by Indiana

References for Points in Headnotes

[1, 2] 11 Am Jur, Conflict of Laws § 6.
[2, 4] 11 Am Jur, Conflict of Laws § 186.
[6] 39 Am Jur, Parties § 34 *et seq.*
[7, 8] 41 Am Jur, Pleading § 106.

statute as a condition precedent to the right to do business and that they had improperly withdrawn assets of the corporation *held,* supported by evidence (Indiana Acts 1929, ch 215, §§ 20, 52).

6. Parties—Joinder—Corporate Officers and Directors.

There was not an improper joinder of parties defendant by plaintiff creditor where a single cause of action was asserted against defendants who were alleged and proved to be officers or directors of newly-formed Indiana corporation and had not complied with provisions of Indiana statute imposed as a condition precedent to the right to do business as a corporation (Indiana Acts 1929, ch 215, § 20).

7. Pleading—Different Grounds of Liability.

A right of recovery may be pleaded and proved on different grounds of liability in more than 1 count.

8. Same—Evidence.

A pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of evidence, and he will not be required to elect on which count he will proceed.

Appeal from Wayne; Bowles (George E.), J. Submitted June 2, 1959. (Docket No. 4, Calendar No. 47,783.) Decided July 13, 1959. Rehearing denied October 12, 1959.

Case by Pullum Window Corporation, a Michigan corporation, against Joseph Feldstein, Gabriel Glantz, Lawrence Benderoff and others to impress personal liability for goods sold to corporation in which they were directors. Judgment for plaintiff. Defendants Feldstein and Glantz appeal. Affirmed.

*Dell, Heber & Leenhouts,* for plaintiff.

*Donald W. Grant,* for defendants Feldstein and Glantz.

*Gabriel Glantz, in propria persona,* on application for rehearing.

CARR, J.   In June of 1955 three of the named de-
fendants, Glantz, Benderoff and Chisik, undertook
to form a corporation under the laws of the State
of Indiana for the purpose of carrying on business,
in the purchase and sale of windows.   Articles of
incorporation setting forth the corporate name as
Indiana Window Distributors, Inc., were prepared
and filed in the office of the secretary of State of
Indiana on June 21, 1955.   No copy of said articles
was filed in the office of the county recorder of
Marion county, Indiana, nor was there an affidavit
by a majority of the board of directors stating that
the amount of paid-in capital indicated by the ar-
ticles had in fact been paid, as required by the
Indiana statute.

No stock was issued by said corporation and no
minute books of its proceedings was kept.   Bender-
off acted as president, Chisik as vice-president or
secretary, and Glantz as treasurer.   Apparently
Benderoff and Glantz each paid in $2,500 to the
corporation, but Chisik failed to make any payment.
Some 3 or 4 weeks after the corporation was formed
defendant Joseph Feldstein joined the incorporators
in the enterprise, contributing the sum of $3,000.
The parties by mutual agreement fixed the interest
that each should have in the business.

Business operations were conducted in the cor-
porate name, in the course of which merchandise
was purchased from the plaintiff in the sum of ap-
proximately $6,000.   This was paid in part, but it is
undisputed that at the time of the institution of
the present action indebtedness in the sum of $4,-
709.72 was unpaid.   It further appears that, during

the period of said business transactions, the defendants, or some of them, were carrying on the business of selling windows at retail under the name of Indianapolis Storm Window Distributors. No part of the funds used in such operation was contributed by defendants. The money for the institution of the "assumed name" business came from Indiana Window Distributors, Inc. Not less than $2,500 was so transferred, and the amount may have exceeded that sum. It does not appear that any purchases were made from plaintiff other than in the name of the corporation.

The present suit against the 5 defendants named was instituted in the circuit court of Wayne county, Michigan, on June 28, 1956. Chisik and Morton Feldstein were not served with process, and the action was discontinued as to them. Defendant Benderoff entered an appearance but failed to file answer to the declaration and his default was entered. Defendants Joseph Feldstein and Glantz filed answer denying liability.

The declaration in the case set forth plaintiff's cause of action in different counts. The liability of defendants under the first count was predicated on the failure to comply with the Indiana statute with reference to the completion of acts of incorporation before engaging in business. Section 20 of the Indiana code,* relating to the organization of domestic corporations for profit, reads as follows:

"A corporation formed under this act shall not transact any business or incur any indebtedness, except such as shall be incidental to its organization or to obtaining subscriptions to or payment for shares of its capital stock, until:

"(a)    One of the triplicate copies of the articles of incorporation, bearing the indorsement of the

* Acts 1929, ch 215; 6 (pt 1) Burns Ind Stat Ann § 25-101 *et seq.*

approval of the secretary of State, as provided in section 17 [§ 25–216], has been filed for record with the county recorder of the county in which the principal office is located;

"(b) The amount of paid-in capital with which it will begin business, as stated in the articles of incorporation, has been fully paid in; and

"(c) There has been filed in the office of the recorder of the county in which the principal office is located the affidavit of not less than a majority of the board of directors stating that the amount of paid-in capital with which it will begin business, as stated in the articles of incorporation, has been fully paid in.

"If a corporation transacts any business or incurs any indebtedness in violation of this section, the officers who participated therein and the directors, except those who dissented therefrom and caused their written dissent to be filed at the time in the principal office of the corporation, or who, being absent, filed their dissent upon learning of the action, shall be severally liable for the debts or liabilities of the corporation so incurred or arising therefrom." (Acts 1929, ch 215, § 20, p 725; 6 [pt 1] Burns Ind Stat Ann, § 25–219.)

The pleading averred failure to comply with the section quoted, and liability was asserted on the basis of the express provision of the statute imposing liability on officers and directors for debts and liabilities of the corporation arising from the carrying on of business before complying with the statutory requirement. It was specifically alleged that each of the defendants was an officer and director.

The second count of plaintiff's declaration asserted violation by defendants, as directors of Indiana Window Distributors, Inc., of the provision of section 52 of the code which at the time of the transactions in question here read as follows:

"The directors of a corporation shall jointly and severally be liable for the debts and contracts of the corporation in the following cases:

"(1)   For knowingly and wilfully declaring or assenting to the payment of a dividend or the withdrawal or distribution to stockholders of the assets of the corporation if the corporation is, or is thereby rendered, insolvent or its capital is thereby impaired, in an amount equal to such dividend, withdrawal or distribution;

"(2)   For knowingly and wilfully making or assenting to a loan to an officer or director, to the extent of the debts contracted between the time of making or assenting to such loan and the time of its repayment, in an amount equal to such loan.

"Unless a director was absent from the meeting at which such dividend, withdrawal or distribution was declared or loan made, or unless his dissent therefrom shall be filed in writing with the secretary of the company, he shall be conclusively presumed to have assented thereto." (Acts 1929, ch 215, § 52, p 725; 6 [pt 1] Burns Ind Stat Ann, § 25–252.)

The declaration specifically averred the operations carried on by individual defendants under the assumed name of Indianapolis Storm Window Distributors, and the turning over of funds by the corporation to be used in the operation conducted under the assumed name. Such conduct was alleged to have been fraudulent and prejudicial to plaintiff. It was further alleged that defendants Joseph Feldstein and Morton Feldstein undertook to purchase the "assumed name business", and that, in connection therewith, they agreed to assume liability for and to pay the indebtedness of the corporation.

The right of recovery by plaintiff was further pleaded on the theory that defendants were liable individually and collectively as partners, under the statutes of Indiana, and also liable under the common counts in assumpsit, particularly for mer-

chandise sold and delivered and upon account stated. The answer of defendants Joseph Feldstein and Glantz denied all material averments in the declaration, and by way of special defense alleged that the action could not be maintained in Michigan because based on penal provisions of the Indiana statute not enforceable in this State. A motion to dismiss, or in the alternative to strike parties defendant on the ground of misjoinder and motion for judgment on the pleadings were denied. The case was submitted to the jury following the introduction of proofs and general verdict returned for plaintiff in the sum of $4,709.72. A special verdict was also returned in the following form:

"SPECIAL VERDICT

"A written demand having been made for a special verdict as to defendants Joseph Feldstein, Gabriel Glantz, and Lawrence Benderoff as to each of the 3 counts in the declaration the jury say upon their oath that the defendants Joseph Feldstein, Gabriel Glantz and Lawrence Benderoff are liable as to:

"Count 1, section 20 of the statute;

"Count 2, section 52 of the statute; and

"Count 3, in assumpsit for merchandise had and received."

Special questions as to the connection of defendants Joseph Feldstein and Glantz with the corporation were also submitted to the jury, and each answered in plaintiff's favor. From the judgment entered in accordance with the findings of the jury as evidenced by the general and special verdicts, defendants Feldstein and Glantz have appealed.

It is generally recognized that the courts of one State will not enforce the penal laws of another State or jurisdiction. Counsel for appellants contends that the provisions of the Indiana corporation

code on which plaintiff relies in the instant case are penal in character, and that, in consequence, the action should have been dismissed in the trial court. It will be noted that neither of the sections above quoted imposes a penalty as for a criminal offense. Section 20, primarily involved in the case, prescribes conditions that must be complied with before a newly-formed corporation begins business. The requirement as to the filing in the office of the recorder of the county is inferentially imposed for the information and protection of parties engaging in business transactions with the corporation. The sole result of failure to so file is liability on the part of the officers and directors participating in the carrying on of the business in which the indebtedness is incurred. In other sections of the code failure of compliance with obligations imposed is made a criminal offense, but such is not the case under section 20. In form it is remedial. It gives to creditors for their added protection a right of action against officers and directors if there is noncompliance with the statute. The special verdict of the jury indicates a finding of a right of recovery under the first count of the declaration. The proofs fully support that finding, thus obviating certain questions raised with reference to other counts. Plaintiff sought recovery on a single cause of action. It may be noted, however, that the same considerations apply to section 52 as are controlling with reference to section 20.

One of the leading cases in the country on the question as to the distinction between penal and nonpenal statutes is *Huntington* v. *Attrill,* 146 US 657 (13 S Ct 224, 36 L ed 1123). In that case it appears that the plaintiff recovered judgment against defendant in a New York court in the sum of approximately $100,000, said judgment being predicated on

the claim that defendant, as director of a corporation, had signed a certificate stating that the whole of the capital stock of such corporation had been paid in, that the certificate was false, and that, under the law of the State of New York, Attrill incurred liability for the debts of said corporation contracted prior to a certain date. Action was brought in a Maryland court to set aside transfers of stock by defendant, and to subject the same to the satisfaction of the New York judgment. The Maryland supreme court dismissed the case on the ground that the proceeding in New York was in effect an action for penalty. On appeal to the United States supreme court the question at issue was discussed at some length. The purposes of the New York statute in question were considered, and with reference thereto it was said (pp 676, 677):

."But as it gives a civil remedy, at the private suit of the creditor only, and measured by the amount of his debt, it is as to him clearly remedial. To maintain such a suit is not to administer a punishment imposed upon an offender against the State, but simply to enforce a private right secured under its laws to an individual. We can see no just ground, on principle, for holding such a statute to be a penal law, in the sense that it cannot be enforced in a foreign state or country."

The court further in the course of the opinion discussed at some length, in the light of prior decisions, the concept of a penal statute, pointing out that the word in its primary sense indicates punishment for an offense against the laws of a State, and indicating further that under some circumstances a statute may be remedial insofar as it grants protection by way of right of action to a creditor, and penal if it provides a penalty for the violation of the public policy of the State as evidenced by its laws. In accordance

with the conclusions expressed the order of the Maryland supreme court was reversed.

The Supreme Court of Michigan in *Commercial Bank* v. *Weidman,* 301 Mich 405, considered the question whether a provision of the corporation code of this State imposing liability on the directors of a corporation for a false report, certificate, or other statement, was penal in its nature and, therefore, subject to strict interpretation. In considering the claim of the defendant in this regard, it was said (p 417):

"It is claimed on behalf of defendant Evan S. Weidman that section 50* of the corporation act is a penal statute which must be most strictly construed, and that, therefore, he cannot be held liable unless it is shown that he actively participated in the issuance of the statements. The statute is not penal in character. It is remedial and only compensates the injured person to the extent of his loss. It imposes liability in favor of creditors of a corporation by providing for payment of existing obligations in their favor. It merely provides for reimbursement and reparations. *E. S. Park Shellac Co.* v. *Harris,* 237 Mass 312 (129 NE 617). 3 Fletcher, Cyclopedia Corporations (Perm ed), § 1209; *Huntington* v. *Attrill,* 146 US 657 (13 S Ct 224, 36 L ed 1123)."

The case of *Breitung* v. *Lindauer,* 37 Mich 217, cited and relied on by counsel for appellants, involved the question as to whether the legislature, by repealing a statutory provision imposing liability on directors of a company failing to file its annual report, could deprive plaintiff of the right to recover on a cause of action accruing before such repeal. Plaintiff relied on the theory of a contractual obligation that could not constitutionally be impaired. The Court, however, concluded that the statutory

---

* CL 1948, § 450.50 (Stat Ann § 21.50).—Reporter.

liability was not contractual in nature, that it might be created as a result of the acts of persons other than the defendant sought to be held, and that it did not properly rest on the basis of a contractual relationship between a creditor and the directors of a corporation. It was accordingly held that the repeal of the civil liability provision of the statute deprived plaintiff of his remedy. The facts and issues involved in the case differ materially from those presented in the litigation now before us. In the case at bar we are in accord with the finding of the circuit judge that sections 20 and 52 of the Indiana corporation code are not penal in the proper sense of the term, and that plaintiff was entitled to assert liability against defendants in the Michigan courts.

On behalf of appellants Feldstein and Glantz it is argued that they were not officers or directors of the Indiana Window Distributors, Inc., at the time of the purchases from plaintiff and, hence, that there was no liability on their part under the provisions of the Indiana corporation code on which plaintiff relies. It appears that following the formation of the corporation and the designation of Glantz to act as treasurer thereof he wrote to the president, Benderoff, suggesting that in the interests of economy he would turn the duties of his office over to Benderoff. Nothing was said in the communication with reference to resigning from the position of director. There is some testimony indicating that following the sending of this letter, receipt of which was duly acknowledged, Glantz was less active in the affairs of the corporation than previously. However, there is proof in the record before us that he participated to some extent at least in the carrying on of the business and the management of corporate

affairs generally.   A like condition existed insofar as appellant Feldstein was concerned.

The record fully justifies the conclusion that during the latter part of 1955 Benderoff, Glantz, and Feldstein were in active charge of the business that the corporation was formed to conduct.   The jury, passing on special questions submitted, determined that both Glantz and Feldstein were officers and directors during the period that the indebtedness to the plaintiff was incurred.   It may not be said that the answers to the special questions do not find support in the proofs.   The conclusion is fully justified that appellants were managing the corporate affairs in cooperation with Benderoff.   In other words, they were acting as officers and directors of a corporation may reasonably be expected to function.

This brings us to the claim of the appellants that their motion alleging an improper joinder of parties defendant was erroneously denied.   Reliance is placed on the decision of this Court in *Coke* v. *Brunswick-Balke-Collender Co.,* 270 Mich 233.   There, however, the plaintiff asserted different causes of action against the defendants, and this Court properly held that they could not be joined under the Michigan statute pertaining thereto.   We think the general situation presented in the instant case fairly brings it within the rule recognized and applied in *Gilmer* v. *Miller,* 319 Mich 136, in construing the statute with reference to joinder of causes of action and parties.   See CL 1948, § 608.1 (Stat Ann § 27.591).

Plaintiff here is asserting a single cause of action. Each of the counts in the declaration relies thereon. That a right of recovery may be pleaded and proved on different grounds of liability has been recognized. See 71 CJS, Pleading, § 88, p 215, *et seq.,* and cases there cited; *Barton* v. *Gray,* 48 Mich 164; *Cusack*

v. *DeWitt-Jenkins Realty Co.*, 104 Ohio App 457 (149 NE2d 924). The general rule is stated in 41 Am Jur, Pleading, § 106, p 363, as follows:

"It is a familiar rule of pleading that when the plaintiff has 2 or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than 1 count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed."

Under the special verdicts returned by the jury against defendants Benderoff, Blantz, and Feldstein, it is apparent that liability against all 3 was found under the first count of the declaration, which was based on the action of the corporation in beginning business before compliance with the requirement of the Indiana code with reference to filing in the office of the county recorder. The right of recovery of the amount claimed by plaintiff being so determined, questions that have been raised with reference to the submission of the other counts become immaterial. Such questions could not affect the conclusion of the jury with reference to their verdict in plaintiff's favor under count one.

In *In re Thayer's Estate,* 188 Mich 261, which was a will contest, the jury in answer to a special question determined that the testator was mentally incompetent at the time of the execution of the will in dispute. The court also submitted to the jury the question of undue influence. It was contended on behalf of proponent that such submission was error for the reason that there was no competent testimony to support the claim. Commenting thereon, it was said (pp 264, 265):

"But in answer thereto it is said that, even if this were conceded, it would be wholly immaterial, as, the jury having found by its answer to the special question which was submitted to it that the testator was mentally incompetent to execute the will in question, the will cannot stand, irrespective of the question of undue influence. While we are not satisfied that it can be said that there was no evidence of undue influence which warranted the submission of that question to the jury, in our opinion, even if there were none, the error committed in submitting the question must be said to have been harmless, in view of the special finding of the jury on the question of mental competency."

The holding in the *Thayer Case* is in accord with the opinion of the Court on a similar question in *N. & M. Friedman Co.* v. *Atlas Assurance Co.,* 133 Mich 212. It was there held:

"In an action on a fire policy providing that the insurer should not be liable for any loss caused by explosion unless fire should ensue, and then only for the damage by fire, and that the liability of the company should cease if the building should fall, except as the result of fire, the jury found the company liable for its stipulated proportion of the total loss. *Held,* that as this finding necessarily involved a determination that the fall of the building was caused by fire, and not by an explosion, error, if any, in submitting to the jury the question of whether the building fell as the result of an explosion, as well as in admitting testimony as to the proportion of the loss caused by fire, on the assumption that there had been an explosion, was harmless." (Syllabus 2.)

Of like import are: *Schneider* v. *Shepherd,* 192 Mich 82 (LRA 1916F, 399); *Julian Foundry Co.* v. *Fidelity & Casualty Co.,* 4 Ill App 2d 301 (124 NE2d 48).

In view of the conclusions reached with reference to the questions above discussed, consideration of

other matters raised by counsel in their briefs is not required. The record in the case fully sustains the finding of the jury that plaintiff was entitled to recover under the first count of the declaration. We find no reversible error. The judgment is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.